TYMKOVICH, Chief Judge,
concurring.
I write separately because I would reject an additional argument raised by Hel-get: that her voluntary affidavit in the Dryden litigation is per se a matter, of public concern under the Garcetti/Picker-ing test because of its form and context. The district court thoroughly examined whether Helget’s speech was on a matter of public concern, but ultimately assumed, without deciding, the step was satisfied. The court did, however, reject Helget’s argument that her speech was per se a matter of public concern because it took the form and context Of a sworn affidavit. But Helget maintains that her affidavit in the Dryden litigation automatically satisfies the public concern requirement as a matter of law.
Speech involves a matter of public concern when it relates to matters of “ ‘political, social, or other concern to the community,’ or when it ‘is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.’ ” Lane, 134 S.Ct. at 2380 (quoting Snyder v. Phelps, 562 U.S. 443, 453, 131 S.Ct. 1207, 179 L.Ed.2d 172 (2011)). The court’s inquiry considers the “content, form, and context” of the given statements. Id. ' '
*1228 The “crux of the public concern content inquiry” is “what is actually said on the topic.” Wren v. Spurlock, 798 F.2d 1313, 1317 n.1 (10th Cir. 1986). Statements revealing government misconduct or impropriety generally involve matters of public concern. Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1205 (10th Cir. 2007). But “speech relating to internal personnel 'disputes and working conditions ordinarily will not be viewed as addressing matters of public concern.” Morris v. City of Colorado Springs, 666 F.3d 654, 661 (10th Cir. 2012) (alteration omitted) (citation omitted). In other words, “speech that simply airs ‘grievances of a purely personal nature’ typically does not involve matters of public concern.” Brammer-Hoelter, 492 F.3d at 1205 (quoting Connick, 461 U.S. at 147-48, 103 S.Ct. 1684).
As to form and context, the Supreme Court recently held that sworn testimony in a judicial proceeding “fortifies” a matter-of-public-eoncern finding. Lane, 134 S.Ct. at 2380: The speech at issue in Lane was the petitioner’s testimony under subpoena at the trial of a public official for corruption and misuse of state funds. Id. at 2375. The Court observed, “Unlike speech in other contexts, testimony under oath has the formality and gravity necessary to remind the witness' that his or her statements will be the basis for official governmental action, action that often affects the rights and liberties of others.” Id. (quoting United States v. Alvarez, 567 U.S. 709, 132 S.Ct. 2537, 2546, 183 L.Ed.2d 574 (2012) (plurality opinion)). But the Court stopped short of declaring that sworn testimony in a judicial proceeding is per se a matter of public concern.
Circuit courts are unsettled on whether trial testimony is per se a matter of public concern. This court surveyed the legal landscape in a recent case, but refused to enter the fray, observing:
There is a debate on whether trial testimony is per se a matter of public concern. .,. Some [circuits] hold that any trial testimony is a matter of public concern. See, e.g., Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1578 (5th Cir. 1989) (“When an employee testifies before an official government adjudicatory or fact-finding body he speaks in a context that is inherently of public concern.”); Latessa v. N.J. Racing Comm’n, 113 F.3d 1313, 1319 (3d Cir. 1997) (same). Some have not gone so far. See, e.g., Wright v. Ill. Dept. of Children & Family Servs., 40 F.3d 1492, 1505 (7th Cir. 1994); Padilla v. S. Harrison R-II Sch. Dist., 181 F.3d 992, 996-97 (8th Cir. 1999). We do not enter the debate....
Deutsch v. Jordan, 618 F.3d 1093, 1099 n.1 (10th Cir. 2010). Circuits advancing a per se rule point out that all citizens owe an independent duty to society to testify truthfully in court proceedings, which may be impeded if an employee fears retaliation and reprisal by a public employer as a result of his or her testimony. Reilly v. City of Atlantic City, 532 F.3d 216, 229 (3d Cir. 2008); see also Catletti ex rel. Estate of Catletti v. Rampe, 334 F.3d 225, 229-30 (2d Cir. 2003) (“In this case .the context of Catletti’s speech—testimony offered at trial—is significant.... The paramount importance of judicial truth-seeking means that truthful trial testimony is almost always of public concern.”).[1]
*1229 Moreover, in the context of a civil ease, the justification offered by the per-se-rule circuits is of greater weight when the testimony is compelled by a valid subpoena. See Herts v. Smith, 345 F.3d 581, 586 (8th Cir. 2003) (“Subpoenaed testimony on a matter of public concern in ongoing litigation ... can hardly be characterized as defeating the interests of the state in efficient public service through its employees.”); Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1070 (9th Cir. 2012) (discussing subpoenaed trial testimony and subpoenaed deposition testimony). But see Reilly, 532 F.3d at 230 (“We concluded that ‘there is a compelling reason to find Green’s appearance to be a matter of public concern regardless of its voluntary nature.’ ” (emphasis added) (quoting Green v. Philadelphia Hous. Auth., 105 F.3d 882, 887 (3d Cir. 1997))).
But Helget’s speech here differs in two material ways. First, her speech is in the form of an affidavit, rather than trial testimony. Although her statements are in writing and sworn to under oath, this form of speech is one step removed from the adversarial, truth-seeking process that ensures a certain level of reliability. Second, her speech was completely voluntary. In other words, this is not an instance in which Helget had been subpoenaed to testify and, as a result, subjected to a Catch-22 situation—either testify truthfully consistent with her duty to the court and society, or risk retaliation and reprisal by the City. See Johnston, 869 F.2d at 1578 (“If employers were free to retaliate against employees who provide truthful, but damaging, testimony about their employers, they would force the employees to make a difficult choice. Employees either could testify truthfully and lose their jobs or could he to the tribunal and protect their job security.”). Thus, even if the court were to recognize a per se rule as to the form and context of given speech, which this court and the Supreme Court have not done, Helget’s voluntary sworn affidavit is not of the form and context that would necessarily compel per se protection.
Importantly, this conclusion would not foreclose a finding that Helget’s speech is on a matter of public concern because of its content. Consistent with our precedent, “Statements revealing official impropriety usually involve matters of public concern.” Brammer-Hoelter, 492 F.3d at 1205. Thus, if Helget’s speech reveals impropriety or misconduct by the City, the fact that her statements were incorporated into a voluntary sworn affidavit does not discount the inevitable finding that her speech is on a matter of public concern.[2] So in that regard, my view is a narrow one—namely, that speech contained in a voluntary sworn affidavit in a civil case is not automatically *1230 a matter of public concern. It depends on content, form, and context of the speech.

. In Worrell v. Henry, the court agreed generally “that truthful testimony is protected by the First Amendment and that a government employee may not be fired or subjected to other adverse action as a result of such testimony.” 219 F.3d 1197, 1204-05 (10th Cir. 2000) (collecting cases from other circuits). But in Worrell, the parties agreed the testimony at issue was on a matter of public concern. *1229 Id. at 1206. Thus, the court did not address whether the form and context of the testimony, standing alone, compelled a finding that the plaintiffs speech was a matter of public concern.

. The Ninth Circuit has taken this a step further. In Alpha Energy Savers, Inc. v. Hansen, the court refused to adopt a per se rule, but held that either the content or context of an employee’s testimony in a judicial proceeding could satisfy the matter-of-public-concern inquiry. 381 F.3d 917, 926-27 (9th Cir. 2004). Because judicial proceedings that expose “potential or actual discrimination, corruption, or other wrongful conduct' by [the] government” are inherently matters of public concern, an employee’s testimony is a matter of public concern when it is about "corruption, wrongdoing, misconduct, wastefulness, or inefficiency by other government employees.” Id. at 925-26. Such position would be unnecessary here because our precedents concerning the content of given speech sufficiently account for this type of speech.